The Chief Justice
delivered the opinion of the Court.
A distress warrant having issued to the sheriff of Livingston, for rent, his deputy served if: on the sub-lessee, who replevied the debt for two months.
The condition of the bond, required the payment of interest, on the amount of the rent, and half com- ' mission, and fifty cents, for writing the bond.
On the motion of the obligor, the circuit court quashed the bond, andjrom this judgment, the obligee (the landlord) has appealed.
Three objections are urged to the bond, by the counsel for the appellees:
1st. That the sheriff had no right to execute the warrant, nor to take the acknowledgement of the replevin bond.
2d. That ?t was illegal to include interest in tlu bond.
Sheriff cannot arrant for Wnt. ■
Replevin bond, take» warrant,*^or rent, should oarry intercs
Every Repls-. vjn bond,' interest froL its date,un-lesa positive prohibits
And, 3d. That the sheriff had no right, to charge the tenant, with the fees and commissions* for serving the warrant, and taking the bond. ■
The first objection is sustained by the Jaw. Although, the act of 1811, (II. Dig. 1059; authorises either a sheriff, or constable, to distrain under a distress warrantjan ac.t of 1820,(1. Dig. 299, section 10) prohibits sheriffs from executing any warrant, in a civil case, except in attachments, and in forcible entries and detainers.
It results clearly, therefore, that a sheriff has no authority to execute a distress warrant for rent.
We cannot, however, concur with the counsel in his second objection. It is true, that rents being profits, do not bar interest, unless they are reserved by bond, for money. And it is equally true, that it does not appear, that the rent in this case was secured by bond. It was, however,-$50 in money.
When the replevin bond was executed, we can per-eeive no reason why it should not carry with it the incident of interest, as a voluntary bond, executed by the tenant, to the landlord, would have done.
But there are other, and stronger reasons, why interest was chargeable:
1st, A replevin bond should always bear interest from its date, unless, positive law prohibits it. It cannot be material, what is the foundation of the debt, which shall have been replevied.. The debt being ascertained, and secured by bond* and indulgence being given for the payment of it, it would be unjust to withhold from the creditor, interest.
That law would be justly liable to the reproach of unreasonableness and injustice, which would compel the creditor to wait three months, or two years, for his debt, and refuse to allow him any interest for his forbearance.
But 2d. The act of 1748, (II. Digest, 1062) expressly allows interest, and requires it to be included in a bond, for replevying a distress. This act has never been either expressly, or constructively, repealed. As-to the requsition of interest, theice is no in *182 congruity between the act of 1811,and tbatof 1T48: and, therefore, “quoad hoc,” they both stand in full force. The act of 1811, simply allows the tenant to “replevy the claim, for three months.” It is silent as to interest. If is not-inconsistent, therefore, in this particular, with the act of 1748.
The 3d. Objection, is sustainable. The first section of the act of 1811, allows the officer to dis-train for the rent, and “all legal costs and charges” and. interest, when demandable.
The act of 1748, directs, that the replevin bond» shall secure the payment of the rent, interest, and’ “all costs.” Neither of these acts, prescribes the amount of costs, or. the- mode or rate of. charging them. But they pre-suppose that there must,, in such cases, be legal costs; and they,must, therefore, be ascertained; by referring to the allowances, in other and analogous cases.">-The general law, regulating the fees of constables, allows .twenty-five cents for serving a warrant; twenty-five cents- for taking a replevin bond, and. half commission.
It would seem, therefore, reasonable to conclude, that the officer should be allowed twenty-five cents for servihg a distress warrant; twenty-five cents for., writing the bond,’and half commission, for securing, the debt, by replevin bond.
But the sberiS, having, no legal right tq act, consequently, had no right to charge any fees for his services. And if any charge for what he did, could be allowed, it could not exceed that, to which the officer, designated by law, in such cases,, would have been, entitled.
It is evident, therefore, that the bond is not a valid, statutory bond; and consequently, that no execution., could legally issue on it.
But if it be a good common law obligation, the.?court ought not to have quashed it, and thereby deprived the obligee, of his common law remedy, by. action to enforce it.
If there had been no other valid objection to it,, than that it was acknowledged before the sheriff, in *183 stead of a constable, it would not be obligatory, bs a common law bond. It was procured illegally, by the coercion of the sheriff, under the color of office, when what he did, as an officer, was void; It was not, therefore, valid, as a common law obligation, as. the sheriff had no authority, the bond could'not be enforced. If the proper officer had acted, the bond might have been a good statutory obligation; notwithstanding the excessiveness of the fees charged. These the court could have corrected.
^}etva'£en sheriff un,-der distress g¡ ther as^tatu-tory or com-monlaw bond,
If defects arto cord, no no-íéptevin^bond ¡3 necessary*
Crittenden, for plaintiff; Mills and Brovin, for defendants.
But if it be not, as we have said it is not, a valid statutory bond, -the court would have no more right to correct it, on motion, than it would haye to correct any other common obligation.
The alternative, therefore, is, that it must have been quashed, or allowed to be illegally enforced* As it was taken as a statutory bond, it was right to quash it, because, both as a statutory, and a common law obligation, it was illegal.
The errors being apparent on the face of the record, no notice of the motion to quash was necessary. ,
Wherefore, the judgment of the circuit court must be affirmed. .